COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Annunziata
Argued at Alexandria, Virginia


UNITED AIRLINES

v.         Record No. 0510-95-4        MEMORANDUM OPINION[*]
                                    BY JUDGE JOSEPH E. BAKER
SHIRLEY KOMACK                        FEBRUARY 6, 1996


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            M. Lynn McHale (Siciliano, Ellis, Dyer &
            Boccarosse, on brief), for appellant.

            Peter M. Sweeny (Peter M. Sweeny & Associates,
            P.C., on brief), for appellee.


    In this appeal from a decision of the Workers' Compensation

Commission (commission), United Airlines (employer) contends that

carpal tunnel syndrome (CTS) is not a disease and, therefore, the

commission erred when it found that it is a compensable disease.

In the alternative, employer argues that the CTS suffered by

Shirley Komack (claimant) was not caused by her employment.

    As the parties are familiar with the record, it is not

necessary that we recite facts other than those necessary to show

the reason for this opinion.  On the issue of whether CTS is a

disease, Dr. Raymond F. Lower reported that if "disease" is

defined as "any deviation from or interruption of the normal

structure or function of any part, organ, or system (or

combination thereof) of the body that is manifested by a

---

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

characteristic set of symptoms and signs whose etiology, pathology, and prognosis may be known or unknown," Sloane-Dorland Ann. Medical-Legal Dictionary 209 (1987), then claimant's bilateral carpal tunnel syndrome is a disease. See Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 433 (1995); Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993) (quoting Sloane-Dorland Ann Medical-Legal Dictionary 209 (1987)). Based upon those decisions, we hold that claimant's CTS is an occupational disease that if proved to be job-related may make claimant eligible for workers' compensation benefits.

Having first found, as required by Merrillat Industries, Inc. v. Parks, 246 Va. 429, 432, 436 S.E.2d 600, 601 (1993), that the evidence supports that CTS is a disease, we turn to the causation issue alternatively raised by employer. Dr. Lower was given a job description of the type work claimant performed for employer as a food service employee, and the doctor reported that, not being aware of any non-related activities "which substantially exposed [claimant] to the risk of carpal tunnel syndrome," he was of the opinion that claimant's CTS was "more likely than not caused, in whole or in part, by the conditions of her employment as a Food Service Employee." Although other medical authorities did not agree with Dr. Lower's opinion, we hold that the evidence is sufficient to support the commission's decision.

Accordingly, we affirm the finding that claimant is entitled to the benefits provided by the Workers' Compensation Act.

<u>Affirmed.</u>
